```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ALPHUS COBB,                       :
                                   :
    Plaintiff,                     :
                                   :
    v.                             :    CASE NO. 3:12CV661(AWT)
                                   :
METRO NORTH RAILROAD CO,           :
                                   :
    Defendant.                     :
                                   :
```

                    RULING ON MOTION TO COMPEL

Plaintiff Alphus Cobb brings this action under the Federal Employers Liability Act to recover damages for an injury he sustained while in the employ of defendant Metro North Railroad Co. Pending before the court is plaintiff's Motion to Compel Discovery.[1] (Doc. #62.) Two of the disputed items were resolved by agreement. The remaining dispute concerns defendant's obligation to preserve evidence. See Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

---

[1] The Honorable Alvin W. Thompson, Chief Judge of the United States District Court for the District of Connecticut, referred the motion to the undersigned. (Doc. #27.)

Plaintiff alleges that he was injured on May 16, 2009. (Doc. #1.) On November 24, 2009, plaintiff's counsel sent a letter to the director of defendant's claims department advising that plaintiff would make a claim for damages and that defendant should retain all relevant evidence. (Doc. #26-12.) Plaintiff commenced this lawsuit on May 2, 2012. (Doc. #1.)

At their Rule 26(f) planning conference in July 2012, counsel were unable to agree on the scope of electronically stored information that should be preserved and/or disclosed during the pendency of the litigation. (Doc. #11.) Chief Judge Thompson referred the dispute to the undersigned. (Doc. #12.) On December 20, 2012, the court held a brief telephone conference during which defendant agreed to produce its email retention policies from 2009 to 2012 as well as preservation letters. The court memorialized the agreement and ordered defendant to complete the disclosure by January 15, 2013. (Doc. #19.) Defendant produced the policies but no preservation letters.[2] Subsequently, defendant agreed to search the email accounts of certain employees using designated search terms. It provided the results of this search to plaintiff.

---

[2] At oral argument on May 22, 2013, defendant's counsel clarified that he understood the court's order to refer to preservation letters generated by defendant's employees. He found none.

On February 1, 2013, plaintiff served discovery requests seeking, inter alia, identification and production of all communications to defendant's employees to preserve emails concerning plaintiff's accident or injuries.  (Doc. #26-2.) Defendant's counsel represents that only one responsive document exists, namely, a litigation hold letter sent from his firm to defendant after the lawsuit was filed.  Defendant objects to disclosure of the letter on grounds of work product privilege but has not produced a privilege log as required under Fed. R. Civ. P. 26(b)(5) and D. Conn. L. Civ. R. 26(e).

After hearing argument on May 22, 2013, the court rules as follows.  The motion to compel responses to Interrogatory 2 and Request for Production 3 is DENIED WITHOUT PREJUDICE.  Plaintiff may conduct further discovery on defendant's efforts to comply with its obligation to preserve evidence.  By **June 11**, defendant shall serve a privilege log in conformity with Local Rule 26(e) describing any and all documents responsive to Interrogatory 2 and Request for Production 3 that defendant has withheld.

SO ORDERED at Hartford, Connecticut this 28th day of May, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge